TIMOTHY J. MCMAHON *v.* PABLO VAZQUEZ
(AC 28112)

DiPentima, Harper and Foti, Js.

Submitted on briefs November 15, 2007—officially released February 5, 2008

*Pablo Vazquez*, pro se, the appellant (defendant), filed a brief.

*William J. St. John, Jr.*, filed a brief for the appellee (plaintiff).

### Opinion

PER CURIAM. The pro se defendant, Pablo Vazquez, appeals from the judgment of the trial court, rendered following a hearing in damages, after he had been defaulted for failure to plead. He claims that the court improperly denied (1) his motion to set aside the default and (2) his motion for appointment of counsel. Because we reverse the judgment on the basis of the defendant's first claim, we do not need to address the defendant's second claim.

The following procedural history is relevant to our disposition of the defendant's appeal. The plaintiff, Timothy J. McMahon, filed his complaint on October 25, 2004.[1] The record discloses that on January 7, 2005, the plaintiff filed a motion for default against the defendant for his failure to plead in response to that complaint. On January 10, 2005, the motion was granted. The record thereafter discloses that the defendant filed his answer entitled "[Plea] in Response to the Plaintiff's Complaint"

---

[1] The plaintiff served a complaint against the defendant seeking damages for personal injuries resulting from a physical altercation between the parties.

on January 13, 2005.[2] The judgment on that default was rendered on September 8, 2006, in the amount of $450,000.

Practice Book § 17-32 provides: "(a) Where a defendant is in default for failure to plead pursuant to Section 10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.

"(b) If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection."

The defendant's answer was filed on January 13, 2005, which was three days after the default was granted by the deputy chief clerk of the court and several months before the judgment was rendered on September 8, 2006. The court should have set aside the default pursuant to § 17-32 (b).

The judgment is reversed, and the matter is remanded for further proceedings.

---

[2] On January 13, 2005, the defendant also filed a "Motion to Deny Default for Failure to Plead," which the court, *Gallagher, J.*, dismissed as moot on February 8, 2005, because the motion for default had been granted already. The pleading, as filed by the defendant, is designated in the court's docketing statement as a "motion to open default."